UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 AUG 20 PM 3:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

CAROL STEWART,

    Plaintiff,

v.

BELLSOUTH TELECOMMUNICATIONS, INC.;
LYNETTE NALL,

    Defendants.

CASE NO. CV 99-B-3121-S

ENTERED
AUG 20 2001

## MEMORANDUM OPINION

This matter is before the court on defendants' unopposed Motion for Summary Judgment. Upon consideration of the record, the submissions of defendants, and the relevant law, the court is of the opinion that defendants' Motion is due to be granted.

In this suit, plaintiff has asserted claims under Title VII of the Civil Rights Act and under state law for invasion of privacy, negligent retention and supervision, and assault and battery. Defendant BellSouth Telecommunications, Inc. asserted a counterclaim against plaintiff for conversion and fraud.

On October 20, 2000, defendants filed the Motion for Summary Judgment presently before the court. Although defendants' Motion for Summary Judgment was timely filed, before plaintiff's evidence and brief in opposition to the Motion were due, plaintiff's attorney withdrew. On January 16, 2001, the court entered an Order providing plaintiff with an explanation of Rule 56 of the Federal Rules of Civil Procedure and directed plaintiff to file any opposition to defendants' Motion for Summary Judgment on or before February 1, 2001. Having received no opposition from plaintiff, this matter is now ripe for decision.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendants are entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of defendants. Thus, plaintiff has not only failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant granting of summary judgment for

defendants.[1] Consequently, the court holds that defendants' Motion for Summary Judgment is due to be granted. An order granting defendants' Motion for Summary Judgment will be entered contemporaneously with this Opinion.

    **DONE** this 20th day of August, 2001.

                                    */s/ Sharon Lovelace Blackburn*
                                    **SHARON LOVELACE BLACKBURN**
                                    United States District Judge

---

[1] Defendant BellSouth's Counterclaim seeks punitive damages. Although defendant may have been able at a trial to establish the requisite elements for punitive damages, the court will only award compensatory damages plus interest.